UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION



ANDREAS OBOJES,

                        Petitioner,

v.                                      Case No. 3:11-cv-1171-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                        Respondents.
_____

                              **ORDER**

                            **I. Status**

     Petitioner Andreas Obojes initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) and Memorandum of Law (Doc. #2) under 28 U.S.C. § 2254 on November 14, 2011, pursuant to the mailbox rule.[1]  In the Petition, Obojes challenges a 1990 state court (Duval County, Florida) judgment of conviction for armed burglary, armed robbery, armed kidnapping, and three counts of sexual battery.  Respondents have submitted a

---

[1] While incarcerated at Graceville Correctional Facility, see Petition at 15, Obojes filed the Petition (Doc. #1) in this Court on November 17, 2011; however, giving Obojes the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Obojes handed it to the prison authorities for mailing to this Court (November 14, 2011). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.  The Court will also give Obojes the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

memorandum in opposition to the Petition. See Respondents' Motion to Dismiss (Response) (Doc. #23) with exhibits (Resp. Ex.). On December 30, 2011, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #13), admonishing Obojes regarding his obligations and giving Obojes a time frame in which to submit a reply. Obojes submitted a brief in reply on August 8, 2012. See Petitioner's Motion to Respond to Respondents' Motion to Dismiss and Motion to Rule on Petition (Reply) (Doc. #24). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was

2

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Obojes has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d).

The following procedural history is relevant to the one-year limitations issue. On October 27, 1989, the State of Florida charged Andreas Obojes with armed burglary, armed robbery, armed kidnapping and three counts of sexual battery. Resp. Ex. A, Second Amended Information. After jury selection, Obojes proceeded to trial. Resp. Ex. B, Transcripts of the Jury Trial (Tr.). At the conclusion of the trial, a jury found Obojes guilty of armed burglary, armed robbery, armed kidnapping, and three counts of sexual battery, as charged. Resp. Ex. C, Judgment; Tr. at 517-18. On September 28, 1990, the trial court sentenced him to a term of imprisonment of forty years for each count, such terms to run concurrently with each other. Resp. Ex. C.

On appeal, Obojes, through counsel, filed an Initial Brief, arguing that the trial court erred by: denying his motion in limine to exclude portions of his diary (ground one), and imposing a departure sentence (ground two). Resp. Ex. D. The State filed an Answer Brief. Resp. Ex. E. On November 20, 1991, the appellate court affirmed the convictions, reversed the departure sentences, remanded for resentencing, and also certified a question to the Florida Supreme Court. Obojes v. State, 590 So.2d 461 (Fla. 1st DCA 1991); Resp. Ex. F. The mandate issued on January 6, 1992.[2]

In seeking review of the appellate court's decision in the Florida Supreme Court, the State filed an initial brief, see Resp. Ex. G; Obojes filed an answer brief, see Resp. Ex. H; and the State filed a reply brief, see Resp. Ex. I. On August 27, 1992, the Florida Supreme Court quashed in part the appellate court's decision. See State v. Obojes, 604 So.2d 474 (Fla. 1992) (per curiam); Resp. Ex. J. The mandate issued on September 18, 1992.[3] Obojes did not seek review in the United States Supreme Court.

The one-year limitations period in Obojes' case began to run on April 24, 1996, the effective date of the AEDPA. See Walton v. Sec'y, Fla. Dep't of Corr., 661 F.3d 1308, 1310 (11th Cir. 2011)

---

[2] See Andreas Obojes a/k/a Andrea Reeves v. State of Florida, Case No. 1D90-3250, website for the First District Court of Appeal (http://www.1dca.org), online docket.

[3] See State v. Obojes, Case No. SC60-79261, website for the Florida Supreme Court (http://jweb.flcourts.org), online docket.

4

(citing Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam)). Accordingly, the limitations period expired on April 24, 1997, utilizing the anniversary method. See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). The Petition, filed on November 14, 2011, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Respondents assert that Obojes filed his first post conviction motion on October 11, 1999, over two years after the one-year limitations period had expired.[4] See Response at 3, 6. Moreover, Obojes acknowledges that his Petition is untimely. See Petition at 1, 2; Memorandum of Law at 8; Reply at 3 ("Petitioner clearly filed a "Belated" Petition for Writ of Habeas Corpus . . . .").

---

[4] Obojes filed several post conviction motions after the expiration of the one-year limitations periods. See Resp. Exs. K-JJ; Petition at 2-3, 7-13. However, those post-conviction motions filed after the expiration of the one-year limitations period did not toll the limitations period. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Given the record, Obojes' November 14, 2011 Petition[5] is untimely filed and due to be dismissed unless Obojes can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs, 520 F.3d at 1318 (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Obojes to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Obojes

---

[5] In the November 14, 2011 Petition before this Court, Obojes asserts that: there is a miscarriage of justice due to the illegal departure sentence (ground one) and the Florida Supreme Court "wrongly upholding" the trial court's decision as to the illegal departure sentence (ground two); he is innocent because there is no "actual evidence" proving his commission of the crimes, but solely circumstantial evidence (ground three); and the State of Florida violated his rights by denying his repeated requests to be transferred into German jurisdiction (ground four).

simply has not met the burden of showing that equitable tolling is warranted.

As to Obojes' claim of actual innocence, this Court finds that he has not made the requisite showing. To make a showing of actual innocence, Obojes must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Supreme Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted). Moreover, "[u]nexplained delay in presenting new evidence bears on the determination whether the

petitioner has made the requisite showing." McQuiggin v. Perkins, 133 S.Ct. 1924, 1935 (2013). Again stressing that "the Schlup standard is demanding[,]" the Supreme Court stated: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316).

Here, Obojes has not offered any new reliable evidence that was not available at the time of trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Obojes has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Obojes seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not

8

warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Obojes "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss this case with prejudice (Doc. #23) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. The Clerk shall terminate any pending motions.

5. If Obojes appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ENTERED** at Jacksonville, Florida this 17th day of July, 2013.

MARCIA MORALES HOWARD
United States District Judge

sc 7/16
c:
Andreas Obojes
Ass't Attorney General (Pate)